95 N.J. Super. 491 (1967)
231 A.2d 835
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH DRIESSE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1967.
Decided June 22, 1967.
*492 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Richard P. Marcus, assigned counsel, argued the cause for appellant.
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for respondent. (Mr. John G. Thevos, Passaic County Prosecutor, attorney).
The opinion of the court was delivered by LEONARD, J.A.D.
Defendant appeals as an indigent by leave of this court from a judgment of conviction for violation of probation and contempt of court after a hearing before the County Court.
On December 14, 1961 defendant was tried and convicted of desertion, nonsupport and neglect of two minor children. N.J.S. 2A:100-2. He received a six-month suspended sentence and was placed upon probation for two years. He was also ordered to pay $25 per week for the support of the two children and was released on posting surety of $1,000.
Defendant was charged with violation of probation and a hearing on that charge was held on January 14, 1966. At that time the record indicated that he had made no support payments since June 2, 1964 and had not reported to the probation department since July 29, 1963. It was also established that he had fathered five illegitimate children, all of whom he was supporting under different court orders. The record indicated that at least one or more of these children was conceived after defendant was placed upon probation.
*493 Defendant was found guilty of violation of probation because he had committed adultery during the probationary period, and he was also held in contempt of court for failing to make the support payments. He was sentenced to 1 1/2-2 1/2 years in State Prison.
On this appeal defendant does not challenge the finding of guilt but only the propriety of his sentence. He contends that under the provisions of N.J.S. 2A:100-5 the court was without authority to impose a sentence for violation of probation which was greater in severity than the original sentence which had been suspended when he was first placed upon probation.
N.J.S. 2A:100-4 provides that upon conviction for desertion or nonsupport of a wife or children in destitute or necessitous circumstances, N.J.S. 2A:100-2, the court, instead of imposing the penalty provided for the conviction, may make an order directing defendant to pay a certain sum periodically for the support of the wife or children. The court also may release defendant from custody on probation upon a recognizance conditioned upon his appearance in court whenever ordered to do so and upon his compliance with the terms of the order.
N.J.S. 2A:100-5 reads in its pertinent part:
"If the court be satisfied by information and due proof under oath that the defendant has violated the terms of the order, it may forthwith proceed with the trial of the defendant under the original charge, or sentence the defendant under the original conviction or plea of guilty, or enforce the suspended sentence or punish for contempt, as the case may be." (Emphasis added)
Under the terms of the above noted statute, if it be established that the defendant "has violated the terms of the order" the court may only "enforce the suspended sentence" originally imposed. This would prohibit the imposition of a longer sentence.
On the other hand, N.J.S. 2A:168-4 provides that upon conviction for violation of probation the court "may continue *494 or revoke * * * the suspension of sentence, and may cause the sentence imposed to be executed or impose any sentence which might originally have been imposed." (Emphasis added). In the case of In re White, 18 N.J. 449 (1955), the court held that under this statute a court could impose a sentence of two to three years in State Prison after conviction for probation violation, even though the original sentence which had been suspended imposed only a term of one year in the county penitentiary. See also State v. Zachowski, 53 N.J. Super. 431, 437 (App. Div. 1959).
Query, if an individual under similar circumstances as defendant was found guilty of a violation of probation only because he violated the terms of the support order, which of the two seemingly conflicting statutes, N.J.S. 2A:100-5 and N.J.S. 2A:168-4 would prevail? However since defendant here not only failed to comply with the support order but also violated his probation (by committing adultery), we do not have to resolve this conflict. Under the instant circumstances we conclude that N.J.S. 2A:168-4 controls. Thus the court could properly impose "any sentence which might originally have been imposed," even though longer than the original one.
The crime of which defendant was originally convicted, N.J.S. 2A:100-2, was a misdemeanor and hence punishable by imprisonment for not more than three years. N.J.S. 2A:85-7. We do not find the sentence imposed  1 1/2 to 2 1/2 years  to be "manifestly excessive." State v. Johnson, 67 N.J. Super. 414, 432 (App. Div. 1961).
Affirmed.