163 N.J. Super. 110 (1978)
394 A.2d 362
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SYLVIA BLASSINGALE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1978.
Decided October 19, 1978.
*112 Before Judges LORA, MICHELS and LARNER.
Ms. Susan Slovak, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Ms. Victoria Curtis Bramson, Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. Alan Dexter Bowman, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was charged with six counts of welfare fraud, in violation of N.J.S.A. 2A:111-2. She had allegedly received some $17,915.64 in overpayments between 1970 and 1975.
Pursuant to plea negotiations, defendant entered a retraxit plea of guilty to count 3 charging her with receiving welfare monies between November 16, 1970 and June 30, 1974, *113 while working for New Jersey Bell Telephone Company, in exchange for which the State agreed to recommend dismissal of the remaining counts and a custodial term not to exceed 60 days with restitution of $4,000.
On July 19, 1976 the trial judge sentenced defendant to 60 days in Atlantic County Jail, with 30 days suspended, and two years probation during which defendant would make $4,000 restitution, the Probation Department to fix the terms of repayment.
Defendant appealed, contending the restitution requirement was excessive. In an unreported opinion, State v. Blassingale, Docket No. A-4-76, October 19, 1977, we affirmed in part, but remanded "with respect to the restitution condition of probation," holding that the recent decisions in State v. Harris, 70 N.J. 586 (1976), and State in Interest of D.G.W., 70 N.J. 488 (1976), mandated that summary hearing procedures be employed to determine "defendant's capacity to pay" and the appropriate amount. We also ruled that the sentencing court, not the Probation Department, must establish the terms and conditions of any restitution payments.
In the meantime, and prior to our remand, defendant had served her custodial term and had begun serving her probationary term.
Following the hearing pursuant to our remand the trial judge reduced the amount of restitution from $4,000 to $1,800 and extended defendant's probationary term from two to five years. He determined that defendant could make monthly payments of $30 over a five-year period. In extending the probationary term the trial judge stated that the period of probation after the first two years would be nonreporting probation and would be continued only for the purpose of monitoring the monthly payments. He went on to say, "she will be under all of the terms and conditions of Revised Statute 2A:168-2 for two full years starting whenever the probation started. After those two full years, there will be no other requirement other than that *114 she pay the monthly payment of $30.00 per month to the Probation Department."
Defendant again appeals, contending that the sentencing court was without jurisdiction to extend the probationary period and that, in any event, the amount of restitution is manifestly excessive, unduly punitive, and constitutes an abuse of the trial judge's discretion.
It is the State's position that N.J.S.A. 2A:168-4 authorizes the sentencing court to expand or reduce the term of probation for good cause shown. N.J.S.A. 2A:168-4 provides in pertinent part:
Termination or extension of probation; violation of conditions; arrest and detention; sentence; powers of judge other than trial judge.
Upon a report from the chief probation officer that the probationer has complied with the conditions of probation and that the best interests of the public and the probationer will be subserved thereby or for other good cause, the court may, at any time, discharge a person from probation, or may extend the probation period within the limits of the maximum period provided by section 2A:168-1 of this title.
The State further asserts that the "good cause" for extending probation in this case is "the necessity of conformance to the requirements of State v. Harris * * * and State in Interest of D.G.W. * * * as set forth in this court's ruling remanding the present case for resentencing," and to accommodate defendant's capacity to pay. It further contends that the statute clearly authorizes extension of a period of probation where it is in the best interests of the public and defendant to do so. We disagree.
N.J.S.A. 2A:168-4 does not confer upon the court the power at any time to extend the probation period under the circumstances here present. It has long been held that N.J.S.A. 2A:168-4 applies to a situation where there has been a violation of probation. See, e.g., In re White, 18 N.J. 449, 456 (1955); State v. Driesse, 95 N.J. Super. 491, 494 (App. Div. 1967); State v. Louis, 97 N.J. Super. 35, 40 (App. Div. 1967); State v. Pallito, 107 N.J. Super. 96, 100 *115 (App. Div. 1969); State v. Fisher, 115 N.J. Super. 373, 378 (App. Div. 1971); State v. McCue, 148 N.J. Super. 425, 428 (App. Div. 1977).
The trial judge's function on our remand was to determine the amount and repayment terms of restitution which are "reasonable and just" within the guidelines of State v. Harris, supra, and State in the Interest of G.W., supra. The two-year probationary term included in the original sentence remained intact and could not be increased by the trial judge under the terms of the limited remand.
Furthermore, since defendant served the custodial term and commenced the probationary term prior to the determination of the earlier appeal, the trial judge lacked the power to increase the probationary term which is part and parcel of the total sentence. State v. Matlack, 49 N.J. 491, 501 (1967) cert. den. 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967); State v. Tyler, 88 N.J. Super. 396, 405-406 (App. Div. 1965), cert. den. 384 U.S. 992 (1966). It is manifest that fundamental fairness would inhibit such an upward revision dictated solely by an effort to adjust the probationary period to the restitution payment schedule. Restitution is but a permissible condition of probation; probation is not a condition of restitution. And once the probationary term has been incorporated in the judgment, it cannot be increased thereafter as a means of extending the period of restitution.
Our review of the record establishes that there is a factual basis therein to support the trial judge's determination that defendant is able to pay $30 a month for the next 60 months, or a total of $1,800 by way of restitution, and that said restitution is not manifestly excessive or unduly punitive, is reasonable and just and does not constitute an abuse of discretion on the part of the sentencing judge. State v. Harris, 70 N.J. 586, 599 (1976). However, since the court is without authority to extend the probationary period from two to five years, the judgment of conviction at resentencing is reversed insofar as it purports to extend *116 the probationary period beyond two years. In all other respects, the aforesaid judgment is affirmed.
It is our opinion that the order for payments by way of restitution need not be coextensive with the period of probation. Accordingly, while defendant's probation will be for two years, conditioned upon her paying $30 a month for that two-year period, her obligation to pay the $1,800 will nevertheless continue beyond said two-year period notwithstanding it may not thereafter be enforced through the medium of revocation of probation.
We note in passing, although we do not rule thereon, that judgment for the balance of the $1,800 remaining unpaid at the end of the probationary period, as well as the overpayments of $17,915.64, may be had by the county welfare board in a civil action against defendant. Cf. Redding v. Burlington Cty. Welf. Bd., 65 N.J. 439, 445-447 (1974), rev'g 126 N.J. Super. 152 (App. Div. 1973). It would appear that a civil suit for recovery of overpayments induced by fraud is not precluded by an order for partial restitution in a criminal proceeding, although Redding cautions against the use of recovery methods which diminish present or future grants "below actual need" and conditions recovery of overpayments on ability to pay. 65 N.J. at 44.
The matter is remanded to the Law Division for entry of an amended judgment in accordance with this opinion.