STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. GLENN T. ZELIFF, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 12, 1989—Decided September 28, 1989.

Before Judges PRESSLER, LONG and LANDAU.

*Alfred A. Slocum*, Public Defender, attorney for appellant (*Roy B. Greenman*, of counsel and on the brief).

*Samuel Asbell*, Camden County Prosecutor, attorney for respondent (*Jack L. Weinberg*, Assistant Prosecutor, of counsel and on the letter brief).

PER CURIAM.

Glenn Zeliff appeals from a judgment of violation of probation, contending:

  I. THE COURT'S FINDINGS THAT DEFENDANT VIOLATED THE TERMS OF HIS PROBATION BY FORGING DOCUMENTS FALSELY INDICATING THAT HE PERFORMED COMMUNITY SERVICE WAS NOT SUPPORTED BY CREDIBLE EVIDENCE.

  II. THE COURT ERRED IN SENTENCING DEFENDANT TO JAIL AS OPPOSED TO CONTINUING PROBATION.

  III. THE SENTENCE IMPOSED BY THE COURT WAS EXCESSIVE.

  IV. THE COURT IMPROPERLY CONTINUED RESTITUTION AFTER IT IMPOSED A CUSTODIAL TERM FOR A VIOLATION OF PROBATION.

  V. THE AMOUNT OF RESTITUTION IS EXCESSIVE.

Zeliff had been indicted on 51 counts of third degree theft by failure to make required disposition (*N.J.S.A.* 2C:20–9) and on one count of second degree theft by failure to make required disposition (*N.J.S.A.* 2C:20–9; 2C:20–2(b)(1)(a)). Pursuant to a plea negotiation, he was permitted to plead guilty to a single count of third degree theft of an amount over $500 and less than $75,000 (*N.J.S.A.* 2C:20–2(b)(2)(a)). The plea agreement included the following understandings: The State reserved its right to speak as to the facts; any jail exposure would be no greater than 364 days in the county jail (work release would be acceptable to the State); there would be no fine; and restitution would be made to victims not otherwise reimbursed by the Real Estate Commission. The remaining 51 counts and an earlier indictment were to be dismissed.

Zeliff was sentenced on April 27, 1984 to 3 years probation, 200 hours of community service in each year of probation, and required to make restitution to those victims not reimbursed by the Real Estate Commission. A $25 V.C.C.B. penalty was imposed. The community service and restitution requirements were made conditions of probation under the original sentence.

At the time of sentence, the judge found Zeliff's record, apart from the offense before him, to be "unblemished and exemplary." He stated, "I can find no aggravating factor other than the offense itself." Following a restitution hearing, an order was entered fixing $43,740 as the amount of restitution, initially payable at $100 a month. At a supplemental restitution hearing in May 1985, the court adjusted the monthly payments to $400 per month. A later order added to the list of victims eligible for restitution but did not modify Zeliff's responsibility for restitution.

It is not asserted, nor do we find in the record, that any appeal was taken from the judgment of conviction or the final restitution order.

Thereafter in March and April 1987, the Camden County Probation Department filed petitions for violation of probation by reason of Zeliff's failure to pay the required restitution (arrears in the amount of $6,320 were alleged), for failure to perform the required amounts of community service, and for falsifying and tampering with records of such community service.

The charges respecting restitution were disposed of separately when Zeliff brought current his arrears in restitution payments. Upon a finding of guilt on the charges of failure to perform community service and falsifying records, Zeliff was sentenced to the maximum prison term for a third degree offense, 5 years. In addition, a 2½ year period of parole ineligibility was imposed. Zeliff's restitution obligations were transferred for supervision by the Department of Corrections.

In the probation violation hearing, the trial judge found that the handwriting of the person who appeared to have verified much of Zeliff's community service had been forged. He found that an intentional fraud had been perpetrated upon the court and that Zeliff's performance of the requisite hours of community service had thus been grossly overstated. The trial judge expressed consternation, not so much at Zeliff's failure to perform all of the requisite hours of service, but with the fraudulent submissions.

The prosecutor vigorously urged that if a substantial custodial sentence were not imposed for this violation, the court would be encouraging other probationers to falsify their compliance with probationary conditions. He urged that a non-custodial sentence would also ignore the fact that Zeliff, by deceiving the court and the Probation Department through use of forged approvals, was continuing the use of fraud notwithstanding that the offense for which he was sentenced arose out of fraudulent practices.

In sentencing for the violation of probation, the trial judge stated:

So, to that extent I think it's one of the most aggravating circumstances that the Court has had the opportunity to hear referrable to a probation. I have had people violate that is in the rule of Court, but not intentionally attempt to perpetrate a fraud and insult the intelligence of the Court to so-called get over. When it's done and the underlying case is also deception there's only one conclusion this Court can come to. That's that the character trait of the defendant notwithstanding the ability to work and make money he did that before and that was the underlying basis of the crime for which he was charged. So it is the opinion of the Court that there is absolutely no mitigating factor that one of sufficient wait [sic] to outweigh the aggravating factors of perpetrating a fraud upon the Court taking into account the work history of the defendant, his performance of the community service, which I have to give him credit for but I can tell you now I have substantial doubt even with reference to the 400 hours at this posture. But by law I have to give you credit so the Court can't take that from him.

So, those are mitigating factors. If anyone were to look at these I think it would be natural for someone to say that these are mitigating factors. The defendant is working for an auto dealer sometimes he works twelve hours a day so forth so on and that he is a good citizen as it relates to that person. I don't find him a good citizen as it relates to the Court. And those other thirty

or forty people whoever they were upon whom a fraud was perpetrated. So the conclusion I find that the aggravating factors far outweigh the mitigating factors. The reason the Court makes this determination is as follows: The Court is going to remand the defendant to the Department—of the Commissioner in the Department of Corrections for a term of five years, two and a half years of which he must serve without parole. (T112-9 to 113-24).

■ We have considered Zeliff's assertions that the findings of violation were not supported by credible evidence, that the court improperly continued restitution after imposing a custodial term and that it imposed an excessive amount of restitution. Our review of the record satisfies us that there was ample reasonably believable evidence to support the findings of violation by forged documents and insufficient community service.

■■ As to Zeliff's restitution arguments, *N.J.S.A.* 2C:44-2 makes clear that restitution may be imposed in *addition* to either a sentence of imprisonment or a sentence of probation. Thus, when vacating an initial sentence of probation to impose a term of imprisonment upon a finding of violation, a court need not likewise vacate the requirement for restitution, although it may do so. On the present facts, there was no reason for Zeliff's victims effectively to be themselves penalized by reason of his improper antics while on probation. Moreover, as to the alleged excessive amount of restitution, Zeliff is actually raising a question which should have been raised by appeal from the initial sentence and fixing of restitution, which we decline to now entertain. Should he fail to pay by reason of inability, there is a defense adjudicable under *N.J.S.A.* 2C:46-2.[1]

Thus, we deem the arguments under Zeliff's Points I, IV and V clearly without merit. *R.* 2:11-3(e)(2).

### THE IMPOSITION AND DURATION OF A CUSTODIAL TERM

■ The order and judgment under review was entered on September 18, 1987. Since that time, the Supreme Court has

---

[1]Additionally, in light of our resolution of the custodial issues, the argument in Point IV of Zeliff's brief is moot.

outlined permissible sentencing options when a defendant has violated the terms of probation, particularly where the facts which give rise to the probation violation may also constitute a separate criminal offense. In *State v. Baylass*, 114 *N.J.* 169 (1989) it was held that:

> [A] violation of probation relates to mitigating, not aggravating, factors as identified at a defendant's original sentencing hearing. Except insofar as the probation violation affects the weight to be accorded to mitigating factors, the violation may not be used to impose a prison term greater than the presumptive sentence or a period of parole ineligibility.

*Id.* at 170–171.

As noted above, the trial judge specifically found in the initial judgment of conviction that the offense itself was the only aggravating consideration. It would thus appear that the *Baylass* rule makes it logically impossible for the probation violations to do anything more than offset entirely the mitigating factors previously identified by the sentencing judge.

In retrospect, it would have been advisable for the prosecutor to have initiated separate criminal proceedings respecting any allegations of forgery or fraud. These would then have been adjudicated and sentenced under appropriate criminal standards. The effect of the sentence under review is as though Zeliff was sentenced for the new crime rather than for a violation of probationary terms.

As Zeliff's initial sentence was for a third degree crime, not a second degree crime sentenced as a third degree crime (*see* *N.J.S.A.* 2C:44–1(f)(2)), the presumption of non-incarceration must be applied to Zeliff, a first offender. As *Baylass* holds that probation violations may not be considered as independent aggravating factors, we are compelled to rule that, at most, the mitigating factors identified at the original sentencing have been erased by the findings of probation violation. Assuming that all mitigating factors were erased by Zeliff's conduct on probation, a presumptive non-custodial term is mandated inasmuch as the weighing of erased mitigating factors and the absent or unusable aggravating factors results in a zero bal-

ance, or equipoise. It would appear that in making the "in-out" decision in this case, *Baylass* does not permit a sentence even to the presumptive four-year custodial term, much less to a mandatory period of parole ineligibility. *See N.J.S.A.* 2C:44–1(e). The prior three-year probationary term could, of course, be increased to five years in the circumstances, *see N.J.S.A.* 2C:45–2(a), or a split sentence under *N.J.S.A.* 2C:45–1(c) could be imposed.

We note that the State's brief recognizes and cites *State v. Baylass,* and does not contend that its application is prospective only. We take the comments made by the Court in *Baylass,* 114 *N.J.* at 181 to refer only to future methods of procedure by trial judges in connection with grants of probation and violation hearings.

Although the circumstances here would ordinarily dictate a reversal and remand to the trial judge for independent resentencing consistent with *Baylass,* we exercise our original jurisdiction inasmuch as it appears that Zeliff is still incarcerated, and further delay in the final resolution of this matter would result in continued incarceration. Accordingly, we direct that the trial judge forthwith enter an amended order and judgment on violation of probation which continues Zeliff's probation to a date five years from the date of original sentence, and which rescinds the custodial term and parole ineligibility previously ordered. The requirement for restitution shall be retained.

We add to the foregoing our recognition that the trial judge did not have the benefit of the *Baylass* opinion at the time he sentenced Zeliff for the probation violation.

The judgment of violation of probation is affirmed; sentence thereunder is reversed and the matter is remanded to the trial judge solely for entry of an order and judgment consistent with this opinion.