**Ricky McKENNEY, Jr., Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 70A04–0510–CR–627.

Court of Appeals of Indiana.

June 14, 2006.

Tracy J. Newhouse, Newhouse & Newhouse, Rushville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

---

## OPINION

FRIEDLANDER, Judge.

Rickey McKenney appeals an order of restitution entered upon his plea of guilty to Nonsupport of a Dependent,[1] a class D felony. McKenney presents the following restated issue for review: Did the trial court err in ordering McKenney to pay restitution in the amount of $22,505?

We affirm.

The facts are that McKenney married the former Diana Foust on May 24, 1975, and one child was born to the marriage, on June 20, 1977. The parties divorced in 1982, and McKenney was ordered to pay child support in the amount of $35.00 per week. By February 24, 1987, McKenney was $2400.00 in arrears with respect to that obligation. Diana filed an affidavit to that effect and on February 9, 1987, the State charged McKenney with class D felony nonpayment of support. McKenney was served with a summons on February 19, 1987, but he failed to appear and a bench warrant was issued for his arrest. McKenney failed to appear a second time, in 1989, and another arrest warrant was issued. That warrant was finally served on McKenney on August 11, 2003.

On May 25, 2005, McKenney entered into a plea agreement whereby he pled guilty to nonpayment of support as a class D felony. The agreement called for a three-year suspended sentence, and the parties would argue the matter of restitution. Following hearings, the court entered judgment of conviction and ordered McKenney to pay restitution to Diana in the amount of $22,505. McKenney filed a motion to correct error with respect to the restitution order, the trial court denied the motion, and McKenney appeals that ruling.

McKenney contends the trial court's order of restitution is erroneous because the statute of limitations that would govern an action by Diana to recover support arrearages had expired. Prior to the enactment of Ind.Code Ann. § 34–1–2–1.6, the predecessor to the current statute, i.e., Ind.Code Ann. § 34–11–2–10 (West, PREMISE through 2005 1st Regular Sess.), the relevant statute of limitations was I.C. § 34–11–1–2, which allowed a plaintiff to bring claims arising after September 1, 1982 and not limited by any other statute within 10 years of the date it arises. See Dore v. Dore, 782 N.E.2d 1015 (Ind.Ct.App.2003) (the period of limitation in effect at the time the suit is brought governs in an action, even though it may lengthen or shorten an earlier period of limitation). We have determined that the limitations period for collecting delinquent child support begins to run on each installment of child support as it becomes due and is unpaid. Garcia v. Garcia, 789 N.E.2d 993 (Ind.Ct.App.2003). The State counters that the foregoing statutes of limitation do not apply in this case. We agree.

All of the cases McKenney cites in support of his argument are actions in which the custodial parent sought to recover support arrearages from the noncustodial parent in a civil action. This is not such a case. Instead, this is a criminal case involving a conviction and an accompanying order to pay restitution as a part of the sentence for that conviction. Criminal restitution is provided for by Ind.Code Ann. § 35–50–5–3 (West, PREMISE through 2005 1st Regular Sess.). Orders of restitution under that statute are within the trial court's discretion and will be reviewed only for an abuse of that discretion. Roach v. State, 695 N.E.2d 934 (Ind.1998), on reh'g, 711 N.E.2d 1237. We can find no cases applying I.C. § 35–50–5–3 in the context of payment of support arrearages.

---

1. Ind.Code Ann. § 35–46–1–5 (West, PREMISE through 2005 1st Regular Sess.).

That is, we cannot find a case in which someone convicted for nonpayment of support challenged an order of restitution requiring him or her to pay the accumulated arrearage as a part of the criminal sentence. We do find a case in which the trial court entered such an order, but that aspect of the sentence was not challenged upon appeal. *See Ennis v. State,* 806 N.E.2d 804 (Ind.Ct.App.2004) (as a part of his sentence for a conviction under I.C. § 35–46–1–5, the defendant was ordered to pay $62,720 in restitution to the custodial parent, representing the total child support arrearage that had accumulated). Therefore, it remains for us to determine whether an order of restitution that is a part of the sentence for a criminal conviction under I.C. § 35–46–1–5 is subject to a civil statute of limitations.

We note at the outset that McKenney does not address the State's argument that I.C. § 34–11–1–2 does not apply, except to say, "Nothing in I.C. 35–50–5–3 provides that the Court does not have to follow precedent or statutes concerning the civil statute of limitations on collecting child support." *Appellant's Reply Brief* at 5. True, but this begs the question. The "precedent" to which McKenney alludes includes only cases applying the civil statutes of limitation in a civil context. Moreover, it is hardly persuasive to say that civil statutes of limitations apply at sentencing in a criminal case if the criminal restitution statute does not explicitly state otherwise. We find no authority for such a presumption.

 I.C. § 35–50–5–3(e)(1) and (2) provide that an order of restitution under subsection (a) of that statute does not bar a civil action for damages the defendant was not required to pay under a criminal restitution order. Those provisions contemplate separate criminal restitution and civil enforcement proceedings. Indeed, the very purpose of satisfying a debt, or

paying restitution, varies from one context to the other. In the civil context, a plaintiff initiates a proceeding to collect child support arrearage for the sole purpose of collecting past-due support. In the criminal context, on the other hand, the imposition of a restitution order is a form of punishment, and therefore is as much a part of the criminal sentence as a fine or other penalty. *Wininger v. Purdue Univ.,* 666 N.E.2d 455 (Ind.Ct.App.1996), *trans. denied.* Its purpose is to impress upon a person convicted of a crime the magnitude of the loss he or she has caused and to defray the costs incurred by the victim as a result of the offense. *Carswell v. State,* 721 N.E.2d 1255 (Ind.Ct.App.1999). It has been described as an "instrumental part of the offender's rehabilitation." *Miller v. State,* 502 N.E.2d 92, 95 (Ind.1986). Our Supreme Court has gone so far as to describe restitution as "part and parcel to our system of criminal punishment" and so important in that respect that "its application cannot be precluded by the existence of a civil settlement agreement." *Haltom v. State,* 832 N.E.2d 969, 971 (Ind.2005). Therefore, for instance, although a sentencing court is free to consider civil settlements concerning the same subject matter, those civil proceedings are to "have no bearing on decisions of criminal punishment." *Id.* (quoting *Crawford v. State,* 770 N.E.2d 775, 781 (Ind.2002)). With respect to the issue before us, we conclude this means that a criminal court's power to order restitution under I.C. § 35–50–5–3 is not limited by I.C. § 34–11–2–10 or its predecessors.

For the reasons set out above, we conclude that the civil statutes of limitations upon which McKenney relies do not operate to prevent a court from ordering a person convicted for nonpayment of support to pay accumulated arrearage as restitution under authority granted by I.C. § 35–50–5–3. Moreover, we note that

McKenney does not contend that the court's calculation of the amount of arrearage was incorrect. Therefore, the portion of the sentence ordering McKenney to pay restitution to Diana in the amount of $22,505 is affirmed.

Judgment affirmed.

MATHIAS, J., and BARNES, J., concur.