**Mark CORNELISON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 97–SC–694–MR.**

Supreme Court of Kentucky.

Feb. 18, 1999.

Rehearing Denied June 17, 1999.

---

Daniel T. Goyette, J. David Niehaus, Louisville, KY, for appellant.

A.B. Chandler, III, Attorney General, Frankfort, KY, Amy F. Howard, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, KY, for appellee.

COOPER, Justice.

Appellant was convicted in the Jefferson Circuit Court of one count of first-degree rape, one count of first-degree sodomy, five counts of use of a minor in a sexual performance, and three counts of first-degree sexual abuse. He was sentenced to one hundred and ten years imprisonment and appeals to this Court as a matter of right. Ky. Const. § 110(2)(b). He raises two issues on appeal: (1) that the addresses of prospective jurors had been removed from the juror qualification forms; and (2) that a police officer was permitted to testify during the sentencing hearing as to the effect of good time credit on the duration of a sentence of imprisonment.

The first issue is not preserved for appellate review. Nevertheless, we addressed that issue in *Samples v. Commonwealth*, Ky., 983 S.W.2d 151 (finality endorsement issued 1998) and resolved it adversely to Appellant's position in this case.

The second issue is governed by KRS 532.055(2)(a), which reads in relevant part as follows:

Evidence *may* be offered by the Commonwealth relevant to sentencing *including:*

1. Minimum parole eligibility, prior convictions of the defendant, both felony and misdemeanor;

2. The nature of prior offenses for which he was convicted;

3. The date of the commission, date of sentencing, and date of release from confinement or supervision from all prior offenses;

4. The maximum expiration of sentence as determined by the division of probation and parole for all such current and prior offenses;

5. The defendant's status if on probation, parole, conditional discharge, or any other form of legal release;

6. ....

(Emphasis added.)

Appellant interprets this statute as an exhaustive list and argues that since evidence of good time credit is not included, it must be excluded. "Expressio unius est exclusio alterius...." *Burgin v. Forbes*, 293 Ky. 456, 169 S.W.2d 321, 325 (1943).

However, use of the word "including" leaves no doubt that the list is illustrative rather than exhaustive. We have never been called upon to address whether evidence of factors not specifically enumerated in the statute, but which affect the duration of a sentence of imprisonment, is admissible in the sentencing phase of a felony trial. However, we have held that "it is recognized policy, in furtherance of justice, to provide full and accurate information to a sentencing jury." *Offutt v. Commonwealth*, Ky., 799 S.W.2d 815, 817 (1990); *see also Huff v. Commonwealth*, Ky., 763 S.W.2d 106 (1988). We have also held that the purpose of KRS 532.055 is to insure having a jury well informed about all pertinent information relating to the person on trial. *Commonwealth v. Bass,*

Ky., 777 S.W.2d 233, 234 (1989). The evidence with respect to potential good time credit is no less relevant nor more speculative than evidence with respect to parole eligibility. Neither constitutes a guarantee of a reduction of the sentence; but both potentially affect the actual duration of a period of imprisonment imposed by the jury against the defendant. There was no error in admitting this evidence at trial.

Accordingly, the judgments of conviction and sentences imposed by the Jefferson Circuit Court are affirmed.

LAMBERT, C.J.; GRAVES, JOHNSTONE, STUMBO and WINTERSHEIMER, JJ., concur.

STEPHENS, J., not sitting.