Anthony Wayne **GARRISON**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 2010–SC–000039–MR.

Supreme Court of Kentucky.

May 19, 2011.

Shelly R. Fears, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway Attorney General, John Paul Varo, Assistant Attorney General, Office of Criminal Appeals, Office of the At-

torney General, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice NOBLE.

Appellant, Anthony Wayne Garrison, appeals his maximum sentence of twenty years for the crimes of second-degree robbery and tampering with physical evidence as a second-degree persistent felony offender (PFO), claiming the trial court erroneously admitted evidence of prior parole violations during the sentencing phase. Finding no error, we affirm.

## I. Background

Appellant robbed a Lexington, Kentucky bank in 2008, passing a note to the teller that he had a gun, and leaving with $1,283 in cash. Later that day he was found disposing of the money in a motel bathroom toilet and arrested.

Following a jury trial in Fayette Circuit Court, Appellant was convicted of second-degree robbery and tampering with physical evidence. During the penalty phase, the Commonwealth introduced, in addition to prior criminal offenses committed by Appellant, three prior instances where he had violated his parole. After hearing about these violations as well as other testimony regarding sentencing, the jury recommended a ten-year sentence for robbery, enhanced to eighteen by Appellant's being a second-degree PFO, and three years for tampering, enhanced to eight. The jury recommended that four years of the tampering sentence run consecutively with the robbery conviction, and four years run concurrently to it, for a combined sentence of 22 years. The trial court accepted the jury's recommendation, but capped the combined sentence at twenty years as required by KRS 532.110.

As a matter of right, Ky. Const. § 110(2)(b), Appellant appeals to this Court, asking for reversal of the judgment below and remand for re-sentencing.

## II. Analysis

Appellant challenges the introduction of his prior parole violations during the penalty phase of his trial. He presents two arguments to support his contention. First, he argues that such violations are not listed among the factors to be considered by the jury in Kentucky's truth-in-sentencing statute and were, therefore, irrelevant and inadmissible. Second, he argues that even if these violations were relevant to sentencing, their introduction was not preceded by adequate notice under KRE 404(c).

### A. Relevance

■ Kentucky's truth-in-sentencing scheme for felony convictions is set forth in KRS 532.055. Under KRS 532.055(2)(a),

Evidence may be offered by the Commonwealth relevant to sentencing including:

1. Minimum parole eligibility, prior convictions of the defendant, both felony and misdemeanor;

2. The nature of prior offenses for which he was convicted;

3. The date of the commission, date of sentencing, and date of release from confinement or supervision from all prior offenses;

4. The maximum expiration of sentence as determined by the division of probation and parole for all such current and prior offenses;

5. The defendant's status if on probation, parole, conditional discharge, or any other form of legal release;

6. Juvenile court records of adjudications of guilt of a child for an offense that would be a felony if committed by

an adult. Subject to the Kentucky Rules of Evidence, these records shall be admissible in court at any time the child is tried as an adult, or after the child becomes an adult, at any subsequent criminal trial relating to that same person. Juvenile court records made available pursuant to this section may be used for impeachment purposes during a criminal trial and may be used during the sentencing phase of a criminal trial; however, the fact that a juvenile has been adjudicated delinquent of an offense that would be a felony if the child had been an adult shall not be used in finding the child to be a persistent felony offender based upon that adjudication. Release of the child's treatment, medical, mental, or psychological records is prohibited unless presented as evidence in Circuit Court. Release of any records resulting from the child's prior abuse and neglect under Title IV–E1 or Title IV–B2 of the federal Social Security Act is also prohibited; and

7. The impact of the crime upon the victim or victims, as defined in KRS 421.500, including a description of the nature and extent of any physical, psychological, or financial harm suffered by the victim or victims.

Prior parole violations by the defendant are not among these seven categories of evidence relevant to sentencing. Thus, if this were an exhaustive list, the court would have erred in admitting testimony about Appellant's prior parole violations.

■ However, it is settled that this list is "illustrative rather than exhaustive." *Cornelison v. Commonwealth,* 990 S.W.2d 609, 610 (Ky.1999). These seven categories are examples of what type of evidence might be relevant to sentencing, but their enumeration does not exclude other possibly relevant evidence. The statutory language "[e]vidence . . . relevant to sentenc-

ing *including* " which introduces the seven categories, demonstrates that the list is inclusionary and illustrative, and thus non-exhaustive.

■ This does not mean that a court is free to admit any evidence in sentencing. It should be guided by the canon of construction *ejusdem generis* ("of the same kind or class") to only allow evidence similarly and equally "relevant to sentencing" as those types of evidence the statute explicitly mentions. In *Cornelison,* this Court upheld the admission of evidence of potential good time credit to aid in the jury's determination of sentencing. The Court reasoned that such evidence was similarly and equally valuable to the jury in sentencing as minimum parole eligibility, listed in the first enumerated category:

> The evidence with respect to potential good time credit is no less relevant nor more speculative than evidence with respect to parole eligibility. Neither constitutes a guarantee of a reduction of the sentence; but both potentially affect the actual duration of a period of imprisonment imposed by the jury against the defendant. There was no error in admitting this evidence at trial.

*Id.* at 611.

Just as good time credit was found to be in the same class of things explicitly included under the statute, so too are parole violations. A jury may be similarly and equally influenced by a defendant's prior parole violations as it would be by a defendant's prior offenses (category 2) or his current parole status (category 5).

■ Because, under KRS 532.055, parole violations are relevant to sentencing, KRE 404(b) poses no bar to their admissibility. While parole violations, or any other prior bad acts, are never admissible "to prove the character of a person in order to show action in conformity therewith," they

are allowed under KRE 404(b) where they are "offered for some other purpose." Here, that purpose is truth-in-sentencing. That guilt had already been established when sentencing begins underscores that the parole violations were "offered for some other purpose."

## B. Notice

Notwithstanding their general admissibility, Appellant argues that the prior parole violations should have been excluded because of the Commonwealth's failure to comply with the notice provision of KRE 404(c).

 Appellant is correct that ordinarily the Commonwealth must give notice of prior bad acts it plans to introduce. However, the precise language of KRE 404(c) is that "if the prosecution intends to introduce evidence pursuant to subdivision (b) of this rule as a part of its *case in chief*, it shall give reasonable pretrial notice to the defendant of its intention to offer such evidence." (Emphasis added.) The sentencing phase of trial is not part of the Commonwealth's "case in chief," which this Court reads to mean the main case during the guilt phase where it bears the standard burden of proving a defendant guilty beyond a reasonable doubt. *See Williams v. State*, 933 S.W.2d 662, 666 (Tex.App.1996). Thus, KRE 404(c) is not applicable to prior acts introduced at the sentencing phase.

This distinction comports with common sense because, during the sentencing phase, unlike the guilt phase, admission of prior acts is the norm rather than the exception. Consequently, a defendant has inherent knowledge—constructive notice—that his prior acts may be used against him. No further specific notice is required. This Court therefore concludes that the trial court properly admitted Appellant's prior parole violations at sentencing.

## III. Conclusion

For the aforementioned reasons, the judgment of the Fayette Circuit Court is affirmed.

CUNNINGHAM, SCHRODER and SCOTT, JJ., concur. ABRAMSON, J., joined by MINTON, C.J., and VENTERS, J., concur but would state that the procedure employed by the Commonwealth's Attorney of reading into the record the defendant's prior record is acceptable if the defendant stipulates on the record to this information; absent a stipulation, the prosecutor is essentially serving as a witness by offering evidence for the jury's consideration, a practice that implicates Rule 3.7 of the Kentucky Rules of Professional Conduct.