Cedric Lakeith BOONE, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2012–CA–000828–MR.

Court of Appeals of Kentucky.

Jan. 4, 2013.

Discretionary Review Denied by Supreme Court Oct. 16, 2013.

Case Ordered Published by Supreme Court Oct. 16, 2013.

Jason A. Hart, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, J. Hays Lawson, Assistant Attorney General, Frankfort, KY, for appellee.

Before MAZE, STUMBO and THOMPSON, Judges.

*OPINION*

STUMBO, Judge:

Cedric Boone appeals from a Judgment of the Fayette Circuit Court reflecting a conditional plea of guilty to various trafficking charges and to being a first-degree persistent felony offender ("PFO"). Boone argues that the circuit court improperly construed the PFO statute, and therefore erred in denying his motion to dismiss the PFO charge. We find no error, and accordingly affirm the Judgment on appeal.

In September of 2006, Boone was convicted of first-degree possession of a controlled substance. He received another conviction on the same offense in November, 2008. On September 27, 2011, the Fayette County grand jury indicted Boone on three counts of first-degree trafficking in a controlled substance, first offense, resisting arrest, operating on a suspended or revoked license, and with being a first-degree PFO.

Thereafter, Boone, through counsel, moved to dismiss the PFO charge. As a basis for the motion, Boone argued that KRS 532.080(8) precluded the PFO charge because that statute was ambiguous or otherwise operated to bar the PFO under the facts of the case. After filing a supplemental argument in support of the motion on March 19, 2012, the Fayette Circuit Court orally denied the motion on March 23, 2012.

Boone then entered a conditional plea of guilty to one count of first-degree trafficking in a controlled substance, 1st offense, two counts of criminal attempt to first-degree trafficking in a controlled substance, 1st offense, and one count of being a PFO. The Commonwealth dismissed the counts of resisting arrest and operating on a suspended or revoked license. Boone was sentenced to one year in prison on count one (first-degree trafficking), which was enhanced to 10 years by operation of the PFO conviction. He was also sentenced to 12 months in prison on counts 2 and 3, to be run concurrently with the 10-year sentence for a total of 10 years in prison. This appeal followed.

The sole issue now before us is Boone's contention that the Fayette Circuit Court erred in denying his motion to dismiss the PFO charge. He directs our attention to KRS 532.080(8), which he contends must be construed to bar the application of the PFO under the facts of this case. In the alternative, he maintains that KRS 532.080(8) is ambiguous and that lenity operates to require construction of the statute in favor of the accused. KRS 532.080(8) states that,

[a] conviction, plea of guilty, or Alford plea under KRS 218A.1415 [felony possession] shall not trigger the application of this section, regardless of the number or type of prior felony convictions that may have been entered against the defendant. A conviction, plea of guilty, or Alford plea under KRS 218A.1415 may be used as a prior felony offense allowing this section to be applied if he or she is subsequently convicted of a different felony offense.

The corpus of Boone's argument on this issue is that the word "conviction" in the first sentence refers to any and all convictions for possession, *current or prior*. As such, and according to Boone, "[a] possible construction of the statute is that convictions of a first degree possession of a controlled substance may never be used. for persistent felony offender enhancement." Based on this interpretation, Boone appears to contend that a felony possession conviction, past or current, may never be used to trigger a PFO charge or conviction. Additionally, Boone offers an alternate construction, in which "the second sentence would permit persistent felony offender enhancement on the limited circumstances where there is an intervening prior 'conviction' of a 'different felony offense.'" In either event, Boone argues that KRS 532.080(8) operates to bar his conviction for PFO under the instant facts, or that the statute is so ambiguous that lenity demands resolution in his favor.

We have closely studied the record and the law, and find no error. While one may reasonably argue that KRS 532.080(8) is inartfully drafted, we cannot go so far as to conclude that the legislature's intent cannot be discerned through careful interpretation. The word "conviction" in the first sentence does not, as Boone maintain, bar the court's reliance on all felony possession convictions, past and present, as a basis for a PFO charge and conviction. Rather, the phrase "a conviction ... under KRS 218A.1415 [felony possession] shall not trigger the application of this section" refers to the instant or underlying conviction. Conversely, and we believe very clearly, the second sentence's usage of the phrase "conviction ... under KRS 218A.1415 [felony possession]" explicitly refers not to the instant conviction but only to prior offenses ("a conviction ...

under KRS 218A.1415 may be used as a prior felony offense...."). Thus, the first sentence of KRS 532.080(8) bars the usage of a current or underlying felony possession conviction as a basis for implicating the PFO statute, whereas the second sentence expressly states that *prior* felony possession offenses "may be used".

In applying this construction to the matter at bar, we first note that Boone was convicted of possession in 2006 and again in 2008. For purposes of KRS 532.080(8), these convictions are properly characterized as "prior felony offense[s]". Additionally, Boone was charged with and entered a plea of guilty to a felony other than possession (i.e., trafficking) in the instant case. That charge satisfies the first sentence of KRS 532.080(8) as it is not a "conviction ... under KRS 218A.1415". Additionally, we find persuasive the Commonwealth's contention that under Kentucky's scheme for trying a PFO charge, evidence of prior felonies is introduced only after the defendant has been convicted of a subsequent felony offense. Thus, under KRS 532.080(8), the Commonwealth may base a PFO charge on a prior felony possession conviction under KRS 218A.1415 when the indictment includes a felony charge other than a felony possession charge. That is what occurred herein, and we find no error.

For the foregoing reasons, we affirm the Judgment of the Fayette Circuit Court.

ALL CONCUR.