OPINION OF THE COURT BY CHIEF JUSTICE MINTON
A circuit court jury convicted Anthony Brown of second-degree manslaughter for the shooting death of Demario Bennett and of being a first-degree persistent felony offender (PFO). Following these convictions, the trial court entered judgment imposing upon Brown a twenty-year prison sentence and an obligation to pay $7,571.51 in criminal restitution. Brown now appeals from this judgment as a matter of right.[1]
Brown first argues on appeal that the trial court erred when it imposed the criminal restitution. We agree with Brown and vacate that portion of the judgment and remand the case to the trial court with instructions to comply with the procedural due process requirements for imposing restitution as outlined in Jones v. Commonwealth.[2]
As to Brown's remaining two issues on appeal, we affirm the judgment of conviction and sentence. In so doing, we hold that evidence of probation violations, like evidence of parole violations, can be admissible evidence in the penalty phase of a criminal trial. And we adopt the Court of Appeals' reading of KRS 532.080(8), as espoused in Boone v. Commonwealth[3] , to hold that the trial court did not err when it allowed the use of Brown's prior conviction for drug possession as a qualifier for PFO enhancement.
I. ANALYSIS.
A. The Criminal Restitution Award Must Be Vacated and Remanded for a New Hearing.
Brown argues that the trial court erred when it imposed upon him restitution to be paid. The trial court ordered him to pay criminal restitution, $7000 to a funeral home and $571.51 to a medical center, presumably for services rendered to or on behalf of the victim. This is only an inference because the words appearing in the final judgment are all that we know from the record concerning restitution. The Commonwealth suggests that the most likely basis might be found in the presentence investigation report, which is mentioned at sentencing. But from this record, we cannot determine a factual basis for the restitution order.
Brown argues that he had a right to notice, a hearing, and even a separate jury trial before the trial court ordered him to pay criminal restitution. Because this issue is unpreserved by a post-judgment motion to vacate or amend the judgment and because Brown claims a procedural rather than substantive due process sentencing deficiency, we review this issue under the palpable error standard.[4]
KRS 532.032 governs criminal restitution imposed at sentencing, while KRS 431.200, an older statute, governs another sort of post-sentencing restitution proceeding that contemplates the possibility of empaneling a jury to decide disputed restitution. The Court of Appeals in Fields v. Commonwealth distinguished these two statutes: "[U]nder [ KRS 532.032 ] restitution must now be considered during sentencing in all appropriate cases, and therefore the General Assembly contemplated ordinary sentencing procedures as the foundation for restitutionary sentences, not the jury procedure referred to in KRS 431.200."[5] This Court, in Wiley v. Commonwealth, cited approvingly to the discussion *377 of criminal restitution in Fields, stating that when a trial court imposes restitution at sentencing, "the defendant must have some meaningful opportunity to be heard and the record must establish a factual predicate for the restitution order."[6] Lastly, this court in Jones v. Commonwealth stated, "There is no doubt that restitution is a proper component of a judgment imposing a final sentence."[7]
Taking these rules together, Kentucky law now imposes no requirement of a separate jury trial to determine criminal restitution. But Kentucky does require some type of minimal due process, and an appellate court will reverse as palpable error a trial court's restitution order when minimal due process is not given.[8] This Court in Jones identified four procedural due process requirements when deciding upon criminal restitution if "the issue of restitution...has not been resolved by an agreement between the Commonwealth and the defendant...."[9] The record in this case does not support a regard for minimal due process. And this is palpable error. So we vacate the restitution provisions in the judgment and remand the case to the trial court to conduct a proper hearing in conformity with Jones.
Vacating the restitution award renders moot Brown's arguments that the funeral home and the medical center do not constitute named victims eligible for restitution under KRS 532.032(1) and that the amount of restitution violates the Eighth Amendment of the United States Constitution. We will not address those arguments, which may be presented to the trial court on rehearing.
B. The Trial Court Did Not Err by Admitting Evidence of Cut-Off Ankle Monitor.
Brown argues that the trial court erred when allowing, during the penalty phase of the trial, evidence that Brown cut off his ankle monitor while on probation.
In April of 2014, a jury convicted Brown of Possession of a Handgun by a Convicted Felon, for which the trial court granted shock probation. After violating his probation, the trial court ordered Brown to wear an ankle monitor on April 9, 2015, and Brown removed the ankle monitor that same day, which is also the same day that Brown shot and killed Bennett. During the penalty phase of the trial, the Commonwealth sought to introduce that fact, to which Brown made a timely objection. The issue is preserved for our review.
Evidentiary rulings by the trial court we review for abuse of discretion.[10]
*378 "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[11]
Kentucky's truth-in-sentencing statute, KRS 532.055(2)(a), provides a list of admissible evidence relevant to sentencing.[12] While the list does not explicitly mention the type of evidence the Commonwealth sought to introduce against Brown in this case, KRS 532.055(2)(a) importantly states the following: "Evidence may be offered by the Commonwealth relevant to sentencing including ...."[13]
The "use of the word 'including' leaves no doubt that the list is illustrative rather than exhaustive."[14] In Garrison v. Commonwealth[15] , this Court explicitly stated the functionality of KRS 532.055(2)(a) : "The statutory language '[e]vidence...relevant to sentencing including ...' which introduces the seven categories, demonstrates that the list is inclusionary and illustrative, and thus non-exhaustive."[16] This court in Garrison and Miller v. Commonwealth[17] held that parole violations are admissible in the penalty phase of the trial proceeding.[18] Garrison also explicitly held that KRE 404(b) in no way bars evidence of parole violations during the penalty phase.[19] "A court may also allow evidence that is 'similarly and equally "relevant to sentencing" as those types of evidence the statute explicitly mentions.' "[20]
KRE 401 defines "relevant evidence" as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[21] "It is enough if the item could reasonably show that a fact is slightly more probable than it would appear Without that evidence."[22]
We see no difference between the relevance in and reasons for admitting evidence of parole violations during the penalty phase and admitting evidence of probation violations. Garrison and Miller allow evidence of parole violations during the penalty phase, and there is practically no difference between the admitting of parole versus probation violations as evidence during the sentencing phase of a trial. Evidence of probation violations, such as the cutting off of an ankle monitor, is similarly and equally relevant to sentencing as evidence of parole violations is. Because KRS 532.055(2)(a)'s list of evidence relevant to sentencing is illustrative rather than exhaustive, we see no other obstacle to allowing this type of evidence in sentencing proceedings, if relevant, subject to the same restrictions as the admission and use of evidence of parole violations. The trial court did not *379 abuse its discretion in any way when allowing evidence of Brown's cutting off his ankle monitor.[23] So we affirm the trial court's ruling on this issue.
C. The Trial Court Did Not Err by Allowing Prior Drug-Possession Conviction as Qualifier for PFO.
Brown argues that the trial court erred when it allowed the use of his prior conviction for drug possession to qualify him for persistent felony offender status. The preservation of this issue is disputed. But Brown's claim surrounds questions of statutory interpretation, specifically regarding KRS 532.080(8), which we review de novo.[24]
KRS 532.080(8) states:
A conviction...under KRS 218A.1415 (i.e. Possession of controlled substance in first degree) shall not trigger the application of this section (i.e. Persistent felony offender sentencing), regardless of the number or type of prior felony convictions that may have been entered against the defendant. A conviction...under KRS 218A.1415 may be used as a prior felony offense allowing this section to be applied if he or she is subsequently convicted of a different felony offense.
The Court of Appeals in Boone v. Commonwealth correctly interpreted KRS 218A.1415 :
We have closely studied...the law....While one may reasonably argue that KRS 532.080(8) is inartfully drafted, we cannot go so far as to conclude that the legislature's intent cannot be discerned through careful interpretation. The word "conviction" in the first sentence does not...bar the court's reliance on all felony possession convictions, past and present, as a basis for a PFO charge and conviction. Rather, the phrase "a conviction... under KRS 218A.1415 [felony possession] shall not trigger the application of this section" refers to the instant or underlying conviction. Conversely, and we believe very clearly, the second sentence's usage of the phrase "conviction...under KRS 218A.1415 [felony possession] explicitly refers not to the instant conviction but only to prior offenses ("a conviction under KRS 218A.1415 may be used as a prior felony offense...."). Thus, the first sentence of KRS 532.080(8) bars the usage of a current or underlying felony possession conviction as a basis for implicating the PFO statute, whereas the second sentence expressly states that prior felony possession offenses "may be used."
In applying this construction to the matter at bar, we first note that Boone was convicted of possession in 2006 and again in 2008. For purposes of KRS 532.080(8), these convictions are properly characterized as "prior felony offense[s]." Additionally, Boone was charged with and entered a plea of guilty to a felony other than possession (i.e., trafficking) in the instant case. That charge satisfies the first sentence of KRS 532.080(8) as it is not a "conviction...under KRS 218A.1415"....Thus, under KRS 532.080(8), the Commonwealth may base a PFO (persistent felony offender) charge on a prior felony possession conviction under KRS 218A.1415 when the indictment includes a felony charge other than a felony pos *380 session charge.[25]
The Court of Appeals' reading of KRS 532.080(8) is sound, and we see no reason to depart from it. Here, Brown was indicted and convicted of second-degree manslaughter, an offense different from a felony-possession charge. So the trial court properly allowed the PFO charge, based on Brown's prior felony-possession conviction, to proceed to judgment against Brown, not in violation of KRS 532.080(8). The trial court committed no error here, and we affirm the trial court's ruling on this matter.
II. CONCLUSION.
We vacate so much of the judgment as awards criminal restitution and remand the case to the trial court for a new hearing on restitution. Otherwise, we affirm the remainder of the judgment.
All sitting. All concur.

Ky. Const. § 110 (2)(b).

382 S.W.3d 22, 32 (Ky. 2011).

412 S.W.3d 883, 885 (Ky. App. 2013).

Jones, 382 S.W.3d at 28-29.

123 S.W.3d 914, 916 (Ky. App. 2003).

Wiley v. Commonwealth, 348 S.W.3d 570, 575 (Ky. 2010) (emphasis added).

Jones, 382 S.W.3d at 28.

Id.

Id. at 32. These procedural due process requirements for restitution sentencing include: (1) reasonable notice to the defendant in advance of the sentencing hearing of the amount of restitution claimed and of the nature of the expenses for which restitution is claimed; (2) a hearing before a disinterested and impartial judge that includes a reasonable opportunity for the defendant, with assistance of counsel, to examine the evidence or other information presented in support of an order of restitution; (3) a reasonable opportunity for the defendant with assistance of counsel to present evidence or other information to rebut the claim of restitution and the amount thereof; and (4) the burden shall be upon the Commonwealth to establish the validity of the claim for restitution and the amount of restitution by a preponderance of the evidence, and findings with regard to the imposition of restitution must be supported by substantial evidence.

McDaniel v. Commonwealth, 415 S.W.3d 643, 655 (Ky. 2013) ; Partin v. Commonwealth, 918 S.W.2d 219, 222 (Ky. 1996).

Goodyear Tire & Rubber Co. v. Thompson, 11 S.W.3d 575, 581 (Ky. 2000).

KRS 532.055(2)(a).

Id. (emphasis added).

Cornelison v. Commonwealth, 990 S.W.2d 609, 610 (Ky. 1999).

338 S.W.3d 257 (Ky. 2011).

Id. at 260.

394 S.W.3d 402 (Ky. 2011).

Garrison, 338 S.W.3d at 260-61 ; Miller, 394 S.W.3d at 407.

Garrison, 338 S.W.3d at 260-61.

Miller, 394 S.W.3d at 406 (quoting Garrison, 338 S.W.3d at 260 ).

KRE 401.

Turner v. Commonwealth, 914 S.W.2d 343, 346 (Ky. 1996) (citing Robert G. Lawson, The Kentucky Evidence Law Handbook § 2.05, at 53 (3d ed. 1993) ).

Brown also argued that admitting this evidence violated KRE 404(b) and (c). But we dismissed this exact line of argument in Garrison. Garrison, 338 S.W.3d at 260-61.

Cumberland Valley Contractors, Inc. v. Bell Cty. Coal Corp., 238 S.W.3d 644, 647 (Ky. 2007) ; Uninsured Employers' Fund v. Garland, 805 S.W.2d 116, 117 (Ky. 1991).

Boone v. Commonwealth, 412 S.W.3d 883, 885 (Ky. App. 2013) (emphasis added).