RENDERED:  DECEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1097-MR

SHAWN WOFFORD                                                APPELLANT

v.

APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 00-CR-01302

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

ACREE, JUDGE:  Shawn Wofford appeals that portion of the Fayette Circuit

Court's July 21, 2020 Order denying his motion to "void the Persistent Felony

enhancement" associated with his conviction on the charge of possession of a

controlled substance which, upon that same motion, the circuit court did void.

Finding no error, we affirm.

On February 6, 2001, Wofford pleaded guilty to violating Kentucky Revised Statutes (KRS) 218A.1415, possession of a controlled substance. The prosecutor produced evidence of Wofford's conviction on a prior, non-drug-related felony charge and this resulted in his conviction as a persistent felony offender (PFO), second degree. The PFO conviction enhanced his sentence under KRS 218A.1415 pursuant to KRS 532.080(2).

A decade and a half later, having "moved on to a productive and successful life as a taxpaying citizen[,]" (Record (R.) 85), Wofford began a series of four attempts to clean up his felony criminal record.

First, in June 2017, Wofford filed a "Motion to Void Conviction" without citing authority. His argument stated only that, since his conviction, "he has had no subsequent convictions for any crimes and the Defendant has completed all treatment, probation, and other sentences issued by the court." (R. 44.) This language suggests the motion was brought with a view to the relief available pursuant to KRS 218A.275(8) which says, as to "any person who has been convicted for the first time of possession of controlled substances, the court may set aside and void the conviction upon satisfactory completion of treatment, probation, or other sentence[.]"

However, the motion also asked the court to "void the Persistent Felony Offender enhancement which is associated with this charge." (R. 44.)

Again, Wofford cited no authority to support that motion. He argued only that "voiding the conviction for the Possession would also necessarily entail and include voiding the Persistent Felony Offender [conviction]." (*Id.*)

The circuit court denied the motion as to both convictions. And Wofford took a new tack.

After obtaining an "Expungement Eligibility Certification Notice," and in reliance on KRS 431.073, Wofford submitted to the circuit court a Form AOC 496.3, Application to Vacate and Expunge Felony Conviction. The Commonwealth objected. On November 1, 2018, the circuit court denied the application, stating:

> Pursuant to KRS 431.073, Defendant's Persistent Felony Offender, 2nd Deg. is not eligible for expungement as it is not on the specific list of felony convictions which may be expunged. This charge also enhances the Defendant's felony offense of possession of a Controlled Substance and is ineligible for expungement.

(R. 65.) Wofford did not appeal the circuit court's denial of his expungement application. Furthermore, the record shows no subsequent claim to the right of expungement pursuant to KRS 431.073.

On July 2, 2019, Wofford tried a third time. Expressly citing KRS 218A.275, he filed a new motion to void his conviction for violating KRS 218A.1415 and to void his PFO conviction, as well. (R. 77.) The Commonwealth objected only in part, stating:

-3-

Legal ground cannot be found to oppose the Defendant's Motion with regard to the voiding and concealing of the Defendant's charge of Possession of a Controlled Substance. However, [p]ursuant to KRS 218A.275(8), the Defendant's Persistent Felony Offender-2nd Degree is not statutorily eligible to be voided and or sealed as this statute is specific as to only charges of Possession of Controlled Substance.

(R. 79.)

Wofford noticed his motion for hearing on August 9, 2019. (R. 78.) By agreed order, the hearing was rescheduled for September 13, 2019. (R. 81.) On that date, the circuit court entered an order stating, "the Defendant's Motion to Void Conviction is passed due to the Defendant not being present on September 13, 2019." (R. 81.)

Nothing further happened in the case for six months.

On March 18, 2020, Wofford filed a new Motion to Void Conviction stating the same grounds as set out in his July 2, 2019 motion. (R. 85.) The Commonwealth reiterated its objection only to voiding the PFO charge. (R. 87.) Restrictions due to the outbreak of COVID-19 resulted in delaying the hearing on the motion until it was heard finally on July 10, 2020. (R. 92-93.)

On July 21, 2020, the circuit court entered an order granting Wofford's motion as to his conviction for possession of a controlled substance but denying the motion to void the PFO conviction. (R. 94.) Wofford filed a motion to reconsider which the circuit court denied. This appeal followed.

Wofford presents two arguments, neither of which is persuasive.

First, Wofford cites *Boone v. Commonwealth* for the proposition that "the first sentence of KRS 532.080(8) bars the usage of a current or underlying felony possession conviction as a basis for implicating the PFO statute[.]" 412 S.W.3d 883, 885 (Ky. App. 2013) (quoting KRS 218A.275(8)) ("[a] conviction, plea of guilty, or Alford[1] plea under KRS 218A.1415 [felony possession] shall not trigger the application of this section, regardless of the number or type of prior felony convictions that may have been entered against the defendant."). Therefore, he argues, his conviction on the charge of felony possession could not be the basis for a PFO conviction which, therefore, "was a legal fiction *ab initio*." (Appellant's brief, p. 3.)

The error in Wofford's argument is that he was sentenced on the felony possession count and related PFO conviction on February 6, 2001. That was a full decade before the language upon which he relies was added to the statute – *i.e.*, the current first sentence of KRS 532.080(8). 2011 Kentucky Laws Ch. 2, sec. 26 (HB 463). To be clear, the amendment to the statute prohibiting a felony possession conviction to "trigger" a PFO charge did not exist when he was convicted of the PFO charge in 2001.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

Therefore, even if he intended his argument to be a direct challenge to the original sentence as unlawful, his argument would fail. *See Cummings v. Commonwealth*, 226 S.W.3d 62, 66 (Ky. 2007) (internal quotation marks and citations omitted) ("all defendants have the right to be sentenced after due consideration of all applicable law . . . sentencing issues may be raised for the first time on appeal . . . ."). The PFO conviction in 2001 was based on then-existing law and is unassailable on the ground he asserts here.

Wofford's second argument is more nuanced. He first cites the holding in *White v. Commonwealth* that "[c]onviction as a Persistent Felony Offender is not a charge of an independent criminal offense but rather a particular criminal status. . . . Persistent Felony Offender proceedings involve the status of the offender and the length of the punishment, not a separate or independent criminal offense." 770 S.W.2d 222, 224 (Ky. 1989). He then argues that "it is manifestly clear that a PFO conviction cannot stand on its own, as a separate charge, without the underlying felony." (Appellant's brief, p. 3.)

The solution, claims Wofford, is to "interpret the expungement statute, KRS 431.073, not only to include all of those specifically eligible identified statutes, but also the expungement of any associated enhancements of any expungable offense." (Appellant's brief, p. 4.) The problem with this argument is that the expungement statute, KRS 431.073, does not apply to this

appeal. Wofford based his motion in circuit court on KRS 218A.275(8) and the circuit court based its ruling on that statute as Wofford asked.

True, Wofford's second of four attempts to clear his criminal record was based on KRS 431.073, but the circuit court's order denied his application and he did not file a notice of appeal from that order. *See* Kentucky Rules of Civil Procedure (CR) 73.02(1)(a) ("notice of appeal shall be filed within 30 days after the date of notation of service of the judgment or order[.]"). Whether the circuit court erred by denying that application is now a moot issue.

This Court is addressing the propriety of the circuit court's order denying Wofford's fourth attempt to clear his record which, like his first and third attempts, was based solely on KRS 218A.275(8). The relevant language says:

> in the case of any person who has been convicted for the first time of possession of controlled substances, the court may set aside and void the conviction upon satisfactory completion of treatment, probation, or other sentence, and issue to the person a certificate to that effect. A conviction voided under this subsection shall not be deemed a first offense for purposes of this chapter or deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. Voiding of a conviction under this subsection and dismissal may occur only once with respect to any person.

KRS 218A.275(8). Legislative intent is clear. The legislature provided a one-time, second chance for every first-time felony possession offender who demonstrates an understanding of the consequences of his crime by satisfying all

the conditions imposed by the court's sentence. The statute is mute as to any enhancement that might befall the persistent felony offender whose felonies theretofore did not involve drug possession.[2]

Wofford's prayer for relief in this Court is that we add language to KRS 218A.275(8) such that any associated PFO convictions are voided, automatically, when the underlying felony possession conviction is voided. We cannot do that. "[T]he judiciary lacks power to *add* new phrases to a statute[.]" *Musselman v. Commonwealth*, 705 S.W.2d 476, 477 (Ky. 1986) (emphasis original). "Where a statute is intelligible on its face, the courts are not at liberty to supply words or insert something or make additions which amount, as sometimes stated, to providing for a *casus omissus*, or cure an omission." *Commonwealth v. Harrelson*, 14 S.W.3d 541, 546 (Ky. 2000).

We acknowledge the oddity of Wofford's felony criminal record as it exists now – nonexistent but for a lone conviction for PFO, second degree. Whether further relief remains available pursuant to KRS 431.073 is not a question before this Court, but one to be addressed first in the circuit court.

Based on the foregoing, we affirm the Fayette Circuit Court.

ALL CONCUR.

---

[2] As noted above, the current version of KRS 532.080(8) now protects such felons from the PFO enhancement.

BRIEF FOR APPELLANT:

Paul J. Dickman
Covington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Condor
Assistant Attorney General
Frankfort, Kentucky