RENDERED: AUGUST 26, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0201-DG

BILLY CHADWELL                                             APPELLANT

V.                  ON REVIEW FROM COURT OF APPEALS
NO. 2017-CA-1160
MADISON CIRCUIT COURT NO. 15-CR-00204

COMMONWEALTH OF KENTUCKY                          APPELLEE

**OPINION OF THE COURT BY JUSTICE NICKELL**

**<u>AFFIRMING</u>**

Billy Chadwell was convicted following a jury trial in Madison Circuit Court of two counts of trafficking in a controlled substance in the first degree and being a persistent felony offender in the second degree. He was sentenced to fourteen years' imprisonment and ordered to pay $165.00 in court costs. The Kentucky Court of Appeals affirmed his conviction and sentence on direct appeal. We granted discretionary review and now affirm.

The sole issue presented on appeal concerns whether the trial court erred in its assessment of court costs in spite of Chadwell's indigency. He contends the portion of the judgment ordering him to pay the court costs within six months of being released from custody violates KRS[1] 23A.205(3) and

---

[1] Kentucky Revised Statutes.

KRS 534.020.[2]  In support, Chadwell argues the trial court exceeded its authority under these statutes as they require all imposed court costs to be paid at the time of sentencing or within one year thereafter.  Thus, he contends the trial court's order extending the payment period until after his release from a fourteen-year prison term was unauthorized, citing *Buster v. Commonwealth*, 381 S.W.3d 294 (Ky. 2012).

Chadwell concedes the issue is unpreserved; however, this Court has "jurisdiction to cure . . . sentencing errors[.]"  *Travis v. Commonwealth*, 327 S.W.3d 456, 459 (Ky. 2010.)  "[A]n appellate court is not bound to affirm an illegal sentence just because the issue of the illegality was not presented to the trial court."  *Jones v. Commonwealth*, 382 S.W.3d 22, 27 (Ky. 2011).  However, in *Spicer v. Commonwealth*, 442 S.W.3d 26, 35 (Ky. 2014), we held "[i]f a trial judge was not asked at sentencing to determine the defendant's poverty status and did not otherwise presume the defendant to be an indigent or poor person before imposing court costs, then there is no error to correct on appeal."

First, Chadwell's reliance on KRS 534.020 is misplaced.  At the time he was sentenced, that statute was applicable solely to imposition of fines on criminal defendants.  It was not until the 2017 amendments that the General Assembly added court costs and fees to the language of the statute.  As such,

---

[2] Both of these statutes were amended shortly after Chadwell was sentenced. Because neither was designated to have retroactive application, we must analyze the issue presented based on the versions in effect on the date of Chadwell's sentencing.

KRS 534.020 has no applicability to the instant action. Instead, the provisions of KRS 23A.205 control.

KRS 23A.205 states, in pertinent part:

(2) The taxation of court costs against a defendant, upon conviction in a case, shall be mandatory and shall not be subject to probation, suspension, proration, deduction, or other form of nonimposition in the terms of a plea bargain or otherwise, unless the court finds that the defendant is a poor person as defined by KRS 453.190(2) and that he or she is unable to pay court costs and will be unable to pay the court costs in the foreseeable future.

(3) If the court finds that the defendant does not meet the standard articulated in subsection (2) of this section and that the defendant is nonetheless unable to pay the full amount of the court costs and fees at the time of sentencing, then the court shall establish a show cause date by which time the court costs, fees, and fines shall be paid and may establish an installment payment plan whereby the defendant pays the full amount of the court costs, fees, and fines to the circuit clerk in installments as established by the court. All court costs and fees under the installment plan shall be paid within one (1) year of the date of sentencing notwithstanding any remaining restitution or other monetary penalty owed by the defendant and arising out of the conviction. Installment payments will be applied first to court costs, then to restitution, then to fees, and then to fines.

The unambiguous language of subsection (2) requires the imposition of court costs on a convicted defendant unless the court makes the factual determination the defendant is a "poor person." The "poor person" definition in KRS 453.190(2) states such a person is one who is "unable to pay the costs and fees of the proceeding in which he is involved without depriving himself or his dependents of the necessities of life, including food, shelter, or clothing."

Chadwell does not challenge the mandatory duty for trial courts to levy court costs. Instead, he contends the trial court implicitly found him to be a

3

poor person such that imposition of court costs against him was prohibited by KRS 23A.205(2). Alternatively, he focuses on the "one year" phrase in subsection (3) to argue the trial court's order was invalid. We are not convinced by either argument.

In *Spicer*, 442 S.W.3d at 35, we held

> [t]he assessment of court costs in a judgment fixing sentencing is illegal *only* if it orders a person adjudged to be "poor" to pay costs. Thus, while an appellate court may reverse court costs on appeal to rectify an illegal sentence, we will not go so far as to remand a facially-valid sentence to determine if there was in fact error. If a trial judge was not asked at sentencing to determine the defendant's poverty status and did not otherwise presume the defendant to be an indigent or poor person before imposing court costs, then there is no error to correct on appeal. This is because there is no affront to justice when we affirm the assessment of court costs upon a defendant whose status was not determined. It is only when the defendant's poverty status has been established, and court costs assessed contrary to that status, that we have a genuine "sentencing error" to correct on appeal.

In this case, as in *Spicer*, the judgment imposing court costs does not reflect any assessment of Chadwell's financial status. The trial court did not, and was not requested to, determine whether Chadwell was a "poor person" and therefore exempt from imposition of court costs. Absent such a factual determination, we cannot say a judgment imposing court costs was "an illegal sentence" subject to correction on appeal despite its lack of preservation. *Id.* The record indicates the trial court appointed appellate counsel to represent Chadwell and permitted him to proceed on appeal *in forma pauperis*. Contrary to Chadwell's contention, however, the record does not reflect the trial court adjudged him a "poor person," either explicitly or implicitly. Determining a

4

criminal defendant is "needy" and entitled to the services of a public defender is not equivalent to finding a defendant is "poor" and exempt from paying court costs.

In *Maynes v. Commonwealth*, 361 S.W.3d 922, 929 (Ky. 2012), we differentiated the "poor person" standard in KRS 23A.205 (concerning payment of court costs) from the "needy person" standard in KRS 31.100 (authorizing appointment of counsel for an indigent defendant). Appellant is not deemed to be a "poor person" who is exempt from court costs, simply because he was determined to be a "needy person" eligible for the services of a public defender as these determinations have two different statutory standards. The onus is "on the part of a defendant to raise and show poverty status." *Hall v. Commonwealth*, 551 S.W.3d 7, 23 (Ky. 2018). Chadwell did not raise the issue of his poverty status before the trial court and the decision regarding court costs was not inconsistent with the facts in the record. Thus, the decision "does not constitute error, 'sentencing' or otherwise[.]" *Spicer*, 442 S.W.3d at 35. The Court of Appeals correctly so concluded.

Finally, because we have concluded there was no error requiring correction, we need not address Chadwell's alternative contention that all court costs must be paid within one year of sentencing. Nevertheless, for completeness and clarity for sentencing courts, we note the plain language of KRS 23A.205(3) limits the application of the one-year limitation to only those cases in which the sentencing court opts to establish an installment plan for

payment of court costs.[3]  As no such installment plan was ordered here, the trial court was not limited by the restrictive language contained in KRS 23A.205(3), and no sentencing error occurred.

For the foregoing reasons, we affirm the Court of Appeals decision affirming the Madison Circuit Court's order imposing court costs.

All sitting.  Minton, C.J.; Conley, Hughes, Lambert, VanMeter, JJ., concur.  Keller, J., concurs in result only.

COUNSEL FOR APPELLANT:

Robert Chung-Hua Yang
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

James Coleman Shackelford
Assistant Attorney General

---

[3] The 2017 statutory amendments removed this language from KRS 23A.205(3), recodifying it in similar form in KRS 534.020.  As amended, the one-year limitation still applies only to installment plans.