RENDERED: APRIL 17, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0128-MR

JARODD S. NOONAN                                                                APPELLANT

v.          APPEAL FROM GRAVES CIRCUIT COURT
          HONORABLE KEVIN D. BISHOP, JUDGE
          ACTION NO. 23-CR-00134

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND ECKERLE, JUDGES.

ECKERLE, JUDGE: Appellant, Jarodd S. Noonan ("Noonan"), seeks reversal of

the Findings of Fact, Conclusions of Law, and Order ("the Order") of the Graves

Circuit Court excluding proposed evidence under Kentucky Rule of Evidence

("KRE") 412. Due to substantial non-compliance with the Kentucky Rules of

Appellate Procedure ("RAP") in Noonan's brief, including failure to include

proper preservation statements, we review the alleged errors for manifest injustice only. Finding none, we affirm.

## I. Factual and Procedural Background

This appeal arises out of a series of charges against Noonan related to allegations made by his 12-year-old niece, identified in the record as "K.S." Record ("R.") at 20.[1] On May 1, 2023, the Graves Circuit Court arraigned Noonan on an indictment for two counts of first-degree sexual abuse and one count of possessing or viewing matter portraying a sexual performance by a minor. *Id.* at 2-3. Subsequently, the Graves County Grand Jury returned a superseding indictment, charging Noonan with two counts each of first-degree sexual abuse and possessing or viewing matter portraying a sexual performance by a minor, as well

---

[1] The Clerk of the Graves Circuit Court initially certified the Record on Appeal on January 22, 2025, after Noonan filed his Notice of Appeal. After we granted Noonan's Motion for Enlargement of Time to File Brief due to counsel's error in calculating the time for briefing, Noonan filed his brief on April 24, 2025. On the same day, the Clerk of the Court of Appeals requested that the Graves Circuit Court Clerk transmit the record to the Court of Appeals. On July 14, 2025, the Postmaster of the United States Postal Service provided a letter confirming that the package containing the record had been damaged and that the contents of the package could not be retrieved. Accordingly, the Graves Circuit Clerk certified a second, reconstructed copy of the record on July 29, 2025. This latter version is the certified record provided to the Commonwealth for briefing, and the Commonwealth's citations to the record correspond with this version. Because the second record had been recreated without access to the complete copy of the portions of the record filed under seal, the Commonwealth did not have access to all of the sealed filings discussed *infra*. However, at some point following briefing, the contents of the original record were recovered and delivered to the Clerk of the Court of Appeals. This record included the sealed documents from the original record, which Noonan had access to while briefing. Because the disposition of this appeal rests on Noonan's substantial non-compliance with our briefing rules, the citations used in this Opinion correspond to the original certified record that was available to Noonan prior to its original, failed transmission from the Graves Circuit Court Clerk to the Court of Appeals.

as one count each of human trafficking and tampering with physical evidence.  R. at 43-45.  Noonan was arraigned on the new charges on March 25, 2024, and the Trial Court later set a trial date of November 12, 2024.

As part of the pre-trial proceedings, on September 27, 2024, the Commonwealth filed a Motion *in Limine* to exclude any evidence relating to the alleged victim's purported behavior that is inadmissible under KRE 412, otherwise known as the "rape shield law."  R. at 146.  On October 7, 2024, Noonan filed a competing motion under seal to admit evidence under KRE 412(b)(1)(C).  Because of the sealing, it was not directly incorporated into the certified record.[2]  On October 16, 2024, the Commonwealth filed a sealed response disputing Noonan's contention that KRE 412(b)(1)(C) would permit admission of the described evidence at trial.  The Commonwealth argued that there was no direct link between the alleged evidence Noonan sought to offer and his charged offenses.

The Trial Court held an evidentiary hearing on these motions *in camera* on November 4, 2024, as well as a second hearing on November 8, 2024,

---

[2] The inconsistently sealed evidence in the underlying case appears to have resulted from an Agreed Qualified Protective Order relating to documents provided by the Kentucky Cabinet for Health and Family Service's Department of Community Based Services ("the Cabinet").  R. at 149.  The agreement prohibits either party from releasing information in the Cabinet's records that would be subject to the federal Health Insurance Portability and Accountability Act.  However, much of the evidence Noonan ultimately sought to admit did not fall within this protective order, and numerous related documents were not filed under seal as a result.  These unsealed records are present in both the original and reconstituted records certified by the Clerk of the Graves Circuit Court.

in response to Noonan's sealed Motion to Reconsider the Trial Court's denial of his original motion.[3] After the Trial Court reaffirmed its ruling from the bench at the second hearing, Noonan entered a plea of guilty on November 9, 2024, pursuant to *North Carolina v. Alford*, which allowed Noonan to maintain his profession of innocence while conceding that the Commonwealth had sufficient evidence to obtain a conviction if the case went to trial. 400 U.S. 25, 91 S. Ct. 160, 27 L. E. 2d 162 (1970). His plea was entered with the condition that Noonan "may appeal the single issue of the Court's rulings regarding KRE 412." R. at 219.

After conducting a plea colloquy but before sentencing, the Trial Court memorialized its oral rulings from the bench in writing, in a document styled "Findings of Fact, Conclusions of Law and Order Regarding KRE 412." R. at 220. The relevant portions of the Order are as follows:

> Having reviewed the pleadings and having heard argument regarding potential evidence at hearings conducted on November 4, 2024[,] and November 8, 2024, and the Court being sufficiently advised, this Court now makes the following findings of fact and conclusions of law regarding the inadmissibility of evidence under KRE 412 after having ruled orally from the bench on November 4, 2024[,] and November 8, 2024.
>
> Based on the argument and evidence referenced during the hearings and relevant pleadings, THE COURT HEREBY FINDS AS FOLLOWS:

---

[3] Noonan filed his Motion to Reconsider under seal. But it is also incorporated unsealed in the original, certified record at page 205.

1. The Defendant proposed and intended to offer testimony from at least one Cabinet worker and various family members and other potential witnesses that that [sic] the "alleged victim and other similar girls were the victims of a larger investigation for selling or distributing nude photos of themselves." The Defendant wanted to put on evidence to prove that the child victim K.S. was running a business out of her cell phone by taking nude pictures of herself and distributing them for cash. The Defendant claims that this information should be admissible as the "heart of the case" and that Det. Watkins can testify many underage girls are selling nude pictures of themselves. The Defendant references his old girlfriend and her proposed testimony of seeing forty dollars on the child's phone on some kind of phone application but offered no proposed testimony of a connection to selling photographs as a business. The Defendant does not know how the child got the forty dollars and does not care.

2. The Cabinet records obtained by an Agreed Qualified protective Order did not reflect any such investigation. There was no evidence proffered of law enforcement reports of any such an investigation. There is no evidence that the child was selling pictures to anyone other than the Defendant.

3. The Defendant also proposed to introduce evidence that "Defendant warned [child K.S.] not to be selling inappropriate pictures, he didn't know if she was, just she better not be. That these girlfriends saw her with these pictures on her phone prior to sending them to them and she already had money on her phone." The Defendant claims the admissibility of the warning is "the most important part" and that "has to come in for our defense because there is no defense but for that." The Defendant seeks to elicit this testimony as part of the motive for why the child is making these allegations; she fears her father who just got released from prison and the

Defendant was about to tell the child's father she could be up to something.

4. The Defendant seeks to elicit from other minor witnesses, specifically J.P. and C.P. that one of them sent photos to the Defendant in the summer preceding the charged offenses because they were mad at the alleged child victim K.S. and therefore there is a pattern because one of the girls also must have sent the two nude photographs of K.S. to the Defendant during the charged acts months later in November 2024. The Defendant confirms he does not "have proof" of which of the two girls sent the photos but argues one of them must have. The uncharged photographs allegedly sent in the summer preceding the charged acts may have included a nude photo of K.S. or may have been minimally clothed and suggestive photos of K.S. These photographs no longer exist[,] and it is unclear what they portray; the Defendant asserts he doesn't "care what these pictures look like" but argues he remembers them being nude photographs of child victim K.S.

. . .

THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:

. . .

4. The Defendant's proposed evidence does not directly relate to the charged offenses and its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, and misleading the jury. In addition to its wholly speculative evidentiary basis (Defendant conceded he could not adduce any proof), the proposed evidence of selling nude photographs to any person other than Defendant is not evidence supporting any defense to the offenses for which the Defendant is charged. Further compounding the speculation, the content of the photographs alleged to

-6-

have been sent by different girls at a different time to Defendant is unknown – the photographs no longer exist[,] and memory of their content is both faint and confusing in equal measures. The admission of photographs sent at a different time by a different girl, whose identity is uncertain, lacks probative value and is outweighed by the dangers identified in KRE 412.

5. Properly excluding this speculative, irrelevant, and unduly prejudicial evidence would not deprive Defendant of presenting a defense; he would have sufficient opportunity to develop his theory that the alleged child victim wanted to keep herself from getting punished while also inculpating Defendant. The Defendant was free to explore with any witness if they sent the Defendant the two nude photographs found on his phone.

Having found and concluded that the requirements for the admission of testimony pursuant to KRE 412(b)(1)(c), under the residual exception, have not been met after having conducted two hearings and reviewed the pleadings,

IT IS HEREBY ORDERED that the Defendant's Motion to Pursuant to KRE 412(C) [sic] and Motion to Reconsider are DENIED. As reflected herein and from the bench, testimony regarding possession or selling of other photographs of the victim or testimony regarding the unknown photographs sent in the summer before the charged acts SHALL BE INADMISSIBLE at the trial of the case.

R. at 220-24 (footnotes with citations to the video record omitted).

## II. Noonan's RAP Deficiencies

As the Commonwealth notes, Noonan's brief on appeal substantially fails to comply with RAPs in numerous ways. Appellee Brief at 6. Although the

Commonwealth cites only to the two most severe deficiencies, we note more than two failures by Noonan to comply with our rules.

First, Noonan failed to file a statement on oral argument pursuant to RAP 32(A)(1). Second, while Noonan did include a statement of points and authorities with generic topics and cases cited, he did not present a statement of his arguments on appeal as required by RAP 32(A)(2). Notably, he offers two general sections of his brief, "Kentucky Rule of Evidence 412" and "Right To Present a Defense," only one of which is listed on the conditional guilty plea paperwork to be appealed on review. Appellant Brief at ii. Third, Noonan offered minimal citations to the written record in his statement of the case in contravention of the ample citations required by RAP 32(A)(3). Although he excuses this lack of citations by noting the number of sealed documents filed with the Trial Court (including those he filed himself), Noonan also failed to cite to the multiple locations in the certified record where relevant documents were included by the Trial Court as not subject to the agreed protective order in this case. Finally, we note the two errors raised by the Commonwealth: Noonan's failure to offer proper preservation statements for his arguments on appeal pursuant to RAP 32(A)(4), and his failure to attach as the first item in his appendix the order on appeal pursuant to RAP 32(E)(1)(a).

As we have stated, "Procedural rules do not exist for the mere sake of form and style. They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination. Their importance simply cannot be disdained or denigrated." *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citations omitted). The requirement that an appellant provide a proper preservation statement with pinpoint citations to the underlying record is fundamental to permitting "a meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal[.]" *Id.* at 696. Moreover, as our Supreme Court has confirmed, "Supporting factual assertions with pinpoint citations may, in fact, be the most substantial requirement of [RAP 32(A)(4)]. Without pinpoint citations to the record, a court must sift through a record to [find] the basis for a claim for relief." *Commonwealth v. Roth*, 567 S.W.3d 591, 595 (Ky. 2019).

In this case, Noonan's failure to adhere to the procedural rules subverts our ability to perform a meaningful and efficient review. While we could perhaps choose to overlook the first three deficiencies in Noonan's brief in light of the serious nature of this appeal, this first series of procedural errors heralds the far more critical fourth and fifth volley of violations that compromise the very purpose of our rules. Here, the omission of proper preservation statements, and the failure to attach the Trial Court's written findings as the first item after the index in

Noonan's appendix resulted in notable discrepancies regarding what evidence Noonan asserted that the Trial Court reviewed, how the Trial Court ruled on each piece of evidence, and which rulings Noonan intended to challenge on appeal. This error – far from a harmless, procedural mistake – becomes structural and substantive error.

Across the two evidentiary hearings and the written pleadings in this case, Noonan put forth multiple offers of proof to the Trial Court, which the Trial Court summarized succinctly in its written order. Although Noonan's brief provides a recitation of three pieces of evidence that he argued had been erroneously excluded by the Trial Court, he included no citations either to the written record or even to a timestamp to the video recordings of the two hearings showing where these pieces of evidence were ruled on by the Trial Court and properly preserved for review. And the Commonwealth's brief noted at least one discrepancy between Noonan's offers of proof at the two hearings and the descriptions of improperly excluded evidence that Noonan provided on appeal. Appellee Brief at 11-12. It is for the purpose of preventing exactly this type of error that we require an appellant to make a statement of preservation with a direct citation to the certified record for each argument raised on appeal. Had Noonan properly followed our briefing rules and identified the location for each excluded piece of evidence in the record, he presumably would have discovered and

corrected his error regarding the testimony expected to be offered by Noonan's former girlfriend and the identity of the witness who had seen the alleged photos on the victim's phone.

Having confirmed the deficiencies identified by the Commonwealth, we must determine the appropriate sanction for Noonan's non-compliance. Pursuant to RAP 10(B), we have a choice of several, non-exclusive sanctions to apply when a party has failed to comply substantially with our procedural rules. The rule provides:

> [T]he failure of a party to substantially comply with the rules is ground for such action as the appellate court deems appropriate, which may include
>
> (1) A deficiency notice or order directing a party to take specific action,
>
> (2) A show cause order,
>
> (3) Striking of filings, briefs, record or portions thereof,
>
> (4) Imposition of fines on counsel for failing to comply with these rules of not more than $1,000,
>
> (5) A dismissal of the appeal or denial of the motion for discretionary review, and
>
> (6) Such further remedies as are specified in any applicable rule.

In its brief, the Commonwealth urges that we exercise our discretion under RAP 10(B) to strike Noonan's brief and dismiss the appeal. Under our

-11-

Supreme Court's holding in *Roth*, Noonan's failure to provide adequate citations to the record and to offer proper preservation statements creates a sufficient basis to strike his brief. 567 S.W.3d at 595. Moreover, "[o]ur Supreme Court has 'strictly mandated compliance' with the preservation statement requirements in briefs 'since its inception under the prior Kentucky Rules of Civil Procedure.'" *W.I.S. v. K.M.B.*, 722 S.W.3d 569, 576 (Ky. App. 2025) (citing *Gasaway v. Commonwealth*, 671 S.W.3d 298, 310 (Ky. 2023)). Even more alarmingly, Noonan had the opportunity to correct in a reply brief the procedural deficiencies raised by the Commonwealth as our precedent clearly allows, but he failed to do so. *See Roth*, 567 S.W.3d at 595 (citing *Goncalves v. Commonwealth*, 404 S.W.3d 180, 207 (Ky. 2013)). Instead, Noonan failed to file any reply to the Commonwealth within the allotted time, and the deficiencies remain uncorrected.[4]

While we would be entirely within our discretion to grant the Commonwealth's request to strike Noonan's brief, it is not the only option available to us. Alternatively, "[i]f a party fails to inform the appellate court of where in the record his issue is preserved, the appellate court can treat that issue as

---

[4] We are compelled to note that Noonan is not a *pro se* litigant but is represented by counsel, Emil Samson, in this case. A review of Mr. Samson's prior practice before this Court reveals a previous instance of failure to file a brief in proceedings in violation of our procedural rules. In *Luna v. Luna-Cervantes*, Mr. Samson failed to file an Appellee brief on behalf of his client, and we exercised our option under former Kentucky Rules of Civil Procedure 76.12(8)(c) to accept the appellant's statement of facts as correct and ultimately vacated the underlying order. No. 2021-CA-0862-MR, 2022 WL 5265081, at *3-4 (Ky. App. Oct. 7, 2022).

unpreserved." *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). At the heart of this appeal is Noonan's contention that the Trial Court erroneously excluded evidence under KRE 412, and his guilty plea is conditioned upon our review of this ruling. Accordingly, we find the most appropriate remedy for Noonan's substantial non-compliance is to treat the issue of the Trial Court's KRE 412 rulings as unpreserved and review only for palpable error resulting in "manifest injustice." *Id.* at 155. Our mercy here shall not be expected in the future, particularly from counsel who have already been warned, and this Opinion shall not be cited as precedent in regard to our decision to give grace by refraining from striking the brief. We would have been well-supported in deciding this case a different way and striking Noonan's brief entirely.

### III. Review of the Trial Court's Rulings

As this Court noted recently in *Peterson v. Commonwealth*, "[a]n error is said to be palpable if it is 'easily perceptible, plain, obvious and readily noticeable.'" 708 S.W.3d 435, 443 (Ky. App. 2025) (citing *Sigrist v. Commonwealth*, 660 S.W.3d 636, 641 (Ky. App. 2022)). Furthermore, we explained:

> Even then, reversal is warranted only "if a manifest injustice has resulted from the error, which requires a showing of the probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law." [*Jones v. Commonwealth,* 382 S.W.3d 22, 29 (Ky. 2011)] . . . "Manifest injustice is

-13-

found if the error seriously affected the fairness, integrity, or public reputation of the proceeding." *Id.*

*Peterson*, 708 S.W.3d at 443. For the reasons discussed below, there is no evidence that the Trial Court plainly, obviously, or perceptibly erred in excluding the evidence Noonan identified in his brief.

First, Noonan argues that the Trial Court erred in denying "the introduction of testimony regarding K.S.'s possession of nude photographs of herself on her phone, as witnessed by Noonan's girlfriend, prior to the night that K.S. claims she sent Noonan nude pictures, allegedly, per his request, and contradicting K.S.'s statement, namely that she took pictures of herself upon Noonan's request." Appellant Brief at 11. However, as we noted *supra*, Noonan did not make an offer of proof that this witness would offer testimony regarding this piece of evidence. Instead, Noonan conflates two separate offers of proof, to wit: (1) that his girlfriend would testify that she had seen $40 in an application on K.S.'s phone the night before Noonan received the photographs that were the subject of the criminal charges; and (2) that one of K.S.'s cousins or friends would testify that they had seen the nude photographs on her phone the same night. Video Record ("V.R.") 11/04/2024 at 07:22-7:33 and 09:30-10:00; V.R.

11/08/2024 at 30:14-30:21.[5] Given Noonan's inability even to identify the piece of evidence excluded, we find no evidence of manifest injustice in its exclusion.

Next, Noonan sought to introduce evidence that he had warned K.S. that he would tell her father if she continued to take nude pictures of herself to send them to others. However, he did not identify on appeal the identity of the witness who could have allegedly offered this testimony, even if the Trial Court had allowed its introduction. Although he informed the Trial Court that he could elicit testimony to this effect from a number of family members, it is not clear from the video recordings that Noonan offered any specific witness as the source of this testimony to the Trial Court either. V.R. 11/04/2024 at 18:35.

Despite Noonan's protestations that he did not intend to offer this evidence for the sole purpose of substantiating that the victim had previously taken nude photographs of herself, the Trial Court reasonably concluded that the prejudicial effect to the victim would substantially outweigh any probative value to Noonan. R. at 223. Moreover, the Trial Court also clearly stated that Noonan would be permitted to question witnesses about his role as a disciplinarian and develop his theory that K.S. fabricated the allegations against him to avoid being

---

[5] The Video Record ("V.R.") consists of three CD-ROM discs, which are labeled with the case numbers for both this appeal and the underlying criminal charges. Each disc is labeled with the dates of the proceedings it contains. As noted by the parties, the V.R. does not contain the usual date and time stamps for the relevant proceedings. Accordingly, times referenced are from the runtime of the video clip.

punished. R. at 223-24. Since Noonan remained free to advance his theory of defense without reference to the prejudicial evidence, we find no evidence of manifest injustice in the Trial Court's exclusion of specific references to Noonan's warning K.S. about taking nude photographs of herself.

Finally, Noonan argued that the Trial Court erred in ruling that he could not cross-examine K.S.'s minor cousin, J.P., about allegedly sending similar photographs to Noonan from K.S.'s phone in the summer before the charged offenses, which occurred in November of 2022. At the two hearings in which the Trial Court considered the proposed KRE 412 submissions, Noonan argued that he needed to question J.P. about the alleged, previous incident from that summer to establish a pattern of behavior that would support Noonan's theory that someone other than K.S. had sent the pictures of her to his phone. R. at 222; V.R. 11/08/2024 at 18:38-18:41 and 38:24-38:25.

As the Trial Court noted, "the content of the photographs alleged to have been sent by different girls at a different time to Defendant is unknown – the photographs no longer exist[,] and memory of their content is both faint and confusing in equal measures." R. at 223. The Trial Court went on to conclude that "[t]he admission of photographs sent at a different time by a different girl, whose identity is uncertain, lacks probative value and is outweighed by the dangers identified in KRE 412." *Id.* As with the previous alleged error, the Trial Court

-16-

also noted that Noonan remained free to question either of K.S.'s minor cousins, or any other witness, about whether they had sent the photographs that were the subject of the criminal charges to his phone. *Id.* at 224. We cannot conclude that the Trial Court clearly erred in concluding that KRE 412 barred questioning regarding the allegation that K.S. previously had suggestive photographs of herself on her phone, some months before the charged photographs.

Finally, while Noonan also alleged the Trial Court erred by infringing on his right to present a defense, we note that this argument was not preserved as part of the conditional guilty plea, which was conditioned on the right to appeal the "sole issue" of the KRE 412 rulings. To the extent that the right to present a defense was implicated by any of these rulings, we find no evidence of palpable error. The Trial Court noted in both its oral and written orders that Noonan remained free to advance his theory of defense within the bounds allowed by the evidentiary and procedural rules.

Based on the foregoing and finding no evidence of manifest injustice, we affirm the Graves Circuit Court's exclusion of Noonan's proposed KRE 412 evidence.


ALL CONCUR.

BRIEF FOR APPELLANT:

Emil Samson
Mayfield, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ryan D. Mosley
Assistant Solicitor General
Frankfort, Kentucky